IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GEORGE BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No.: 2:16-cv-2290-STA-tmp ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is the motion to dismiss of Defendant United States of America. (ECF No. 15.) Defendant is seeking dismissal of this action on the ground that the Federal Employees Compensation Act ("FECA") provides the exclusive remedy for Plaintiff's alleged injuries. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is **GRANTED**.

Defendant United States has filed its motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and asserts that the Court lacks subject matter jurisdiction over this action. As explained in *Alvord Investments, LLC v. The Hartford Fin. Servs. Grp., Inc.*, 660 F. Supp. 2d 850 (W.D. Tenn. 2009):

> A motion to dismiss for lack of subject matter jurisdiction may challenge the sufficiency of the complaint itself—in which case it constitutes a facial attack—or it may challenge the factual existence of subject matter jurisdiction—in which case the motion constitutes a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In ruling upon a facial attack, the court must take as true the allegations of the plaintiff's complaint and construe them in the light most favorable to the plaintiff, but in a factual attack, the court does not presume that the complaint's

allegations are true and instead considers other evidence bearing upon the question of subject matter jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). When faced with a factual attack, the trial court may, at its discretion, consider affidavits and documents and even conduct a limited evidentiary hearing to resolve any disputes as to jurisdictional facts. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proving jurisdiction on a motion to dismiss under Rule 12(b)(1). *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see United Gov't Sec. Officers of Am. v. Akal Sec., Inc.*, 475 F. Supp.2d 732, 736 (S.D. Ohio 2006).[1]

In the present case, Plaintiff alleges that, on April 28, 2014, he was driving a vehicle owned by the General Services Administration ("GSA") when a vehicle owned by the United States and driven by Shawn Hayes, a United States employee, collided with Plaintiff's vehicle causing Plaintiff to be injured.[2] Defendant has submitted unrefuted evidence that, at the time of the accident, Plaintiff was an employee of the United States Army Corps of Engineers and was on the job.[3]

The FECA establishes a workers' compensation program for federal employees who are injured while performing their duties.[4] The Secretary of Labor is vested with the power to resolve any disputes regarding the scope of the Act, and the Secretary's decision as to coverage is not subject to judicial review.[5] Under the FECA, federal employees are "guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return, they lose the right to sue the government."[6] "[O]nce an

---

[1] *Alvord Investments,* 660 F. Supp. 2d at 854.

[2] (Cmplt., ECF No. 1.)

[3] (Fax, Def's Ex. A, ECF No. 15-2.)

[4] *See* 5 U.S.C. § 8102(a).

[5] 5 U.S.C. §§ 8145, 8128(b); *see Hayden v. United States*, 2009 WL 128859 at *2 (E.D. Tenn. Jan. 16, 2009).

[6] *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).

injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court."[7]

Here, there is no dispute that Plaintiff was employed by the U.S. Army Corps of Engineers and on the job at the time of the relevant events. Thus, Plaintiff's injuries fall within the purview of FECA, and this Court lacks subject matter jurisdiction because FECA provides the exclusive remedy for Plaintiff's work-related injuries. Accordingly, the motion to dismiss of Defendant United States is **GRANTED**.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date:   January 5, 2017

---

[7] *Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 265 (6th Cir. 1991).